O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDRE ERIC WATSON, | ) NO. CV 11-04342-MMM (MAN) |
| Petitioner, | ) |
| v. | ) ORDER DISMISSING PETITION |
| | ) AS SECOND OR SUCCESSIVE |
| MIKE MARTEL (WARDEN), | ) AND DENYING A CERTIFICATE |
| | ) OF APPEALABILITY |
| Respondent. | ) |

On May 19, 2011, Petitioner, a California state prisoner, filed a habeas petition, pursuant to 28 U.S.C. § 2254 ("Petition"). The Petition is the second attempt by Petitioner to seek Section 2254 relief in connection with his 1997 state court conviction and sentence (the "Conviction").

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. For the reasons set forth below, the Petition must be summarily

dismissed, pursuant to 28 U.S.C. § 2244(b) and Rule 4, because it is second or successive.

**BACKGROUND**

On April 4, 2000, Petitioner filed a habeas petition in this district that was assigned Case No. CV 00-4205-MMM (MAN) (the "First Action"). In the First Action petition, he raised four claims challenging his Three Strikes sentence on various grounds, a claim of prosecutorial misconduct, and claims that trial and appellate counsel performed ineffectively. The First Action petition was resolved on the merits, and habeas relief was denied by Judgment entered on May 3, 2003. Petitioner appealed to the United States Court of Appeals for the Ninth Circuit, and a certificate of appealability was denied on March 1, 2004 (Case No. 03-56827).[1]

On May 19, 2009, Petitioner filed an application in the Ninth Circuit for leave to file a second or successive petition (Case No. 09-71634). In his application, Petitioner raised the first and second claims alleged in the instant Petition, among other claims. On August 18, 2009, the Ninth Circuit denied the application on the ground that Petitioner had failed to satisfy the requirements of 28 U.S.C. § 2244(b)(2).

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the files for Petitioner's actions filed in this district, as well as the dockets for the Ninth Circuit available electronically through the PACER system.

2

The instant Petition raises three claims attacking Petitioner's sentence on various grounds. Grounds One and Two assert that Petitioner's sentence violates the rule established in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), as that rule has been explicated in subsequent Supreme Court decisions. Ground Three asserts that Petitioner's sentence constitutes a "breach of contract," namely, a violation of his earlier plea agreement. (Petition Attachment.)

**DISCUSSION**

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions discussed *infra*, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

In those instances when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition (described *infra*), state habeas petitioners seeking relief in this district court must <u>first</u> obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of

3

the two grounds articulated in § 2242(b)(2)." Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 796 (2007).

In the First Action, Petitioner sought Section 2254 relief based on the same Conviction and related sentence challenged here, and his habeas claims attacking the Conviction and his sentence were resolved adversely to him on their merits. Accordingly, the current Petition is second or successive within the meaning of Section 2244(b).[2]

As Petitioner has not obtained permission from the Ninth Circuit to bring a second or successive petition -- indeed, the Ninth Circuit has denied him leave to do so -- this Court lacks jurisdiction to consider the instant Petition. 28 U.S.C. § 2244(b); *see also* Burton, 549 U.S. at 157, 127 S. Ct. at 799 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court). Accordingly, IT IS ORDERED that: the Petition is DISMISSED; and Judgment shall be entered dismissing this action without prejudice.

///
///
///
///
///
///
///
///
///

---

[2] The instant Petition also appears to be substantially untimely.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED: May 31, 2011

*Margaret M. Morrow*
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

*Margaret A. Nagle*
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE